UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MARTHA KATHLEEN HALEY,**

    Plaintiff

vs.                                       Case No. 4:00cv108-WS

**TERRY COLE, WILLIAM WATKINS,
MARTHA EDENFIELD, SEGUNDO
FERNANDEZ, KENNETH HOFFMAN,
KENNETH OERTEL, DBA 2700 BLAIRSTONE
PARTNERS**
    Defendants.
_____/

### COMPLAINT AND INJUNCTIVE RELIEF SOUGHT

    Plaintiff, Martha Kathleen Haley, brings this complaint against Defendants, and states:

### I. INTRODUCTION

1.     This action is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §12181. (Title III, Public Accommodations) and Florida Statutes 413.08, 760.07 and 760.11.

2.     Plaintiff asserts that Defendants discriminated against her based on her disability.

3.     Plaintiff seeks declaratory and injunctive relief for the Defendants' violation of her rights under the ADA.

1

4.     Defendants have failed and are failing to remove architectural barriers which make Defendants' office building inaccessible to persons who use wheelchairs.

## II. JURISDICTION

5.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 2201-2202. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

6.     Plaintiff, Martha Kathleen Haley, is a resident of Wakulla County, Florida and is employed in Leon County, Florida. She works across the street from Defendants' office building. Ms. Haley is disabled as defined by the ADA. 42 U.S.C. §12102 (2). Ms. Haley has a mobility impairment and uses a wheelchair. Ms. Haley has a driver's license, and she drives a van.

7.     The Defendants Terry Cole, William Watkins, Martha Edenfield, Segundo Fernandez, Kenneth Hoffman, Kenneth Oertel do business as 2700 Blairstone Partners and are the owners of the office building located on 2700 Blairstone Avenue, Tallahassee, Florida.

## IV. FACTS

8.     Defendants' office building is a public accommodation. This office building, which is open for the general public, contains offices for the Florida Department of Corrections, the Florida Department of Children, and a dentist office.

9.     Ms. Haley desires to enter Defendants' office building located on 2700 Blairstone Avenue, Tallahassee, Florida.

10.    Defendants' office building has approximately 50 parking spaces accessible to

2

the public.

11. Defendants' office building has only one parking space designated for disabled persons. This one designated parking space does not have an adjacent aisle to enable disabled persons to embark or disembark from a van. This one designated parking space is contiguous to the one ramp that otherwise would allow disabled persons access to the sidewalk and entrance to the building. If a disabled person parks in the designated space, this ramp is blocked by the disabled person's own vehicle, thus making the ramp inaccessible and preventing access to the sidewalk and building. The Defendants' office building thus lacks an adequate ramp from the handicap parking space to the building's entrance.

12. This ramp lacks a maneuverable landing.

13. This one inadequate handicap parking place lacks adequate signage.

14. Exhibit A, B, & C are true and accurate representations of the condition of Defendant's public accommodation at the time of the filing of this case.

15. Further, the building has a lower level entrance that also is a barrier to access to persons who use wheelchairs and lacks readily achievable improvements that would make it possible for persons who use a wheelchair to access that portion of the building. Specifically, there is a drop-off from the parking area to the entrance that cannot be negotiated by persons who use a wheelchair.

16. Plaintiff has retained the undersigned attorney and agreed to pay a reasonable fee for attorney services.

## V. COUNT I: ADA-EXISTING FACILITIES

16. Plaintiff re-alleges paragraphs 5-15.

3

17. Defendants injured Plaintiff in violation of Title III of the ADA by committing the following practices:

A) Failing to remove architectural barriers in violation of 42 U.S.C. § 12182 (b)(2)(A)(iv). Specifically, Defendants failed to provide an adequate ramp, an access aisle, an adequate ramp landing, an adequate number of handicap parking places, and an adequate handicap parking signage at the upper level or an accessible entrance at the lower level of the building;

B) Depriving Plaintiff of the full use and equal enjoyment of the services, facilities, privileges, advantages, and accommodations in its place of public accommodation, in violation of 42 U.S.C. § 12182(a).

18. The ADA specifically defines discrimination in existing facilities as "a failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. 12182 (b)(2)(A)(iv).

19. Removal of the architectural barriers in this case are "readily achievable."

## COUNT II: VIOLATION OF FLORIDA STATUTES SECTIONS 413.08, 760.07 and 760.11

20. Plaintiff re-alleges the allegations in Paragraphs 5-15

21. The Florida Civil Rights Act, Fla. Stat. Section 760.07 provides:

"Any violation of any Florida statute making unlawful discrimination because of ...

...handicap... in the areas of accommodations gives rise to a cause of action for all relief and damages described in Section 760.11(5)."

22. Section 413.08 provides: "The ... physically disabled are entitled to full and equal accommodations, advantages, facilities, and privileges... at... places of public accommodation..."

4

23. By failing to provide "full and equal accommodation," the Defendant violated Section 413.08(1)(a).

24. Plaintiff is entitled to compensatory damages, damages for mental anguish, loss of dignity and other intangible injuries.

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court:

1) Enter judgment declaring that Defendants have violated the Americans with Disabilities Act and Florida Statutes, Sections 413.08, 760.07 and 760.11 and ordering Defendants to cease violating the Americans with Disabilities Act.

2) Enter judgment for appropriate injunctive relief. In specific:

   (a) Order Defendants to make the entrances to its public accommodation accessible to persons with disabilities.

   (b) Order Defendants to designate at least two handicap parking spaces, with at least one space designated for vans.

   (c) Order Defendants to put up signage for the handicap parking spaces.

   (d) Order Defendants to construct an adequate ramp landing.

   (e) Order Defendants to construct an aisle or aisles adjacent to the handicap parking spaces.

   (f) Order Defendants to construct an adequate ramp.

   (h) Award monetary damages.

3) Award Plaintiff his costs and reasonable attorneys' fees.

4) Grant such other and further relief as the Court deems just and proper.

Having read the forgoing, the undersigned Plaintiff swears that the above information is true to the best of her knowledge.

_____
Martha Kathleen Haley

_____
Bradley M. Bole
LAW OFFICE OF BRAD BOLE
Suite 1111
412 E. Madison Street
Tampa, FL 33602
(813) 223-3725
(813) 223-3725



EXHIBIT A: NO HANDICAP AISLE FOR DISEMBARKING FROM VAN



EXHIBIT B: NO LAWFUL SIGNAGE



EXHIBIT C: INSUFFICIENT NUMBER OF HANDICAP PARKING SPACES